**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

CAROL MARIE TURNER,

        Debtor.

------------------------------------------------------------x
In re:

MARCOLINA RODRIGUEZ,

        Debtor.

------------------------------------------------------------x

Chapter 7

Case No. 25-35393 (KYP)

Chapter 13

Case No. 25-35432 (KYP)

**MEMORANDUM DECISION GRANTING THE UNITED STATES TRUSTEE'S
MOTION IMPOSING TREBLE FINES ON UNDISCLOSED BANKRUPTCY
PETITION PREPARERS JMJ FAMILY REAL ESTATE, LLC AND
<u>JAMES M. FITZPATRICK FOR VIOLATING 11 U.S.C. § 110</u>**

**APPEARANCES:**

L'TANYA M. WATKINS, ESQ.
*Counsel for JMJ Family Real Estate, LLC
and James M. Fitzpatrick*
120-126 North Main Street
New City, New York 10956

UNITED STATES TRUSTEE, REGION 2
WILLIAM K. HARRINGTON
Leo O'Brien Federal Building
11A Clinton Avenue
Room 620
Albany, NY 12207
    By:    Alicia M. Leonhard, Esq.
             Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

James M. Fitzpatrick ("Fitzpatrick") owns and operates JMJ Family Real Estate, LLC ("JMJ," and together with Fitzpatrick, the "Respondents") – a company that purchases homes for cash from homeowners facing foreclosure or pre-foreclosure. As part of its business strategy, the Respondents sometimes file bankruptcy petitions on behalf of the homeowners to delay foreclosure. In the past two years, the Respondents have filed no fewer than twenty-two bankruptcy petitions in this Court, the vast majority of which have been dismissed for failure to pay the filing fee or to fulfill basic administrative requirements.

The United States Trustee for Region 2 ("UST") asserts that the Respondents are bankruptcy petition preparers (each, a "BPP") and have violated multiple subsections of 11 U.S.C. § 110. The UST moves ("Sanctions Motion") to impose treble fines against the Respondents for acting as undisclosed BPPs in the Chapter 7 case of Carol M. Turner[1] ("Turner") and the Chapter 13 case of Marcolina Rodriguez[2] ("Rodriguez").[3] The Respondents oppose the Sanctions Motion.[4] For the reasons stated, the Sanctions Motion is GRANTED.

---

[1]    *In re Carol M. Turner*, Case No. 25-35393 (KYP).

[2]    *In re Marcolina Rodriguez*, Case No. 25-35432 (KYP).

[3]    *See Memorandum of Law in Support of the United States Trustee's Motion for an Order Imposing Treble Fines on Undisclosed Bankruptcy Petition Preparers for Violations of 11 U.S.C. § 110*, dated June 6, 2025 ("UST Brief") (ECF Turner Doc. # 15-1); *see also Reply Memorandum in Support of the United States Trustee's Motion for an Order Imposing Treble Fines on Undisclosed Bankruptcy Petition Preparers for Violations of 11 U.S.C. § 110*, dated July 7, 2025 ("UST Reply") (ECF Turner Doc. # 26). Identical documents relating to the Sanctions Motion were filed on the electronic dockets of both Turner and Rodriguez cases. "ECF Turner Doc. # _" will refer to documents filed on the electronic docket of the *Turner* case, and "ECF Rodriguez Doc. # _" will refer to documents filed on the electronic docket of the *Rodriguez* case.

[4]    *See Memorandum of Law in Opposition to Motion for Sanction[s] Under 11 U.S.C. § 110*, docketed on July 2, 2025 ("Respondents Brief") (ECF Turner Doc. # 22).

## BACKGROUND[5]

### A.    Fitzpatrick and JMJ

Fitzpatrick owns and operates JMJ. (*Affidavit of James M. Fitzpatrick in Response and Opposition to Motion for Sanction[s] Under 11 U.S.C. § 110*, signed on June 30, 2025 ("Fitzpatrick Affidavit") ¶ 2 (ECF Turner Doc. # 23).) JMJ advertises that it buys real estate for cash from distressed homeowners facing foreclosure; its website states,[6] among other things, as follows:

> Facing Foreclosure?
>
> If you're struggling to make mortgage payments or you owe more than the home is worth, there are options to get you from underneath your bad loans and save your credit.
>
> We Can Help
>
> . . .
>
> JMJ Family Real Estate!
>
> If you found your way to this website[,] you most likely have a property you need to sell. We buy properties cash, as is. No need to pay realtor fees, closing costs, and repairs. We can also close as fast as needed if time is of the essence.
>
> . . .

---

[5]    Certain facts included in this section are from representations of Respondents' counsel during oral argument.

[6]    JMJ's website is available at www.webuyhousesny.org, and screenshots of webpages are attached to the Fitzpatrick Affidavit as well as the *Declaration of Alicia M. Leonhard*, dated June 6, 2025 ("Leonhard Declaration") (ECF Turner Doc. # 15-2) at Exhibit 2.

3

> WE CAN HELP
>
> Foreclosure can ruin your credit for up to 7 years!
>
> Let our family help rid you of this burden and lift the weight off your shoulders. We buy properties cash, as is. No need to pay realtor fees, closing costs, and repairs.
>
> WE'LL TAKE IT FROM HERE

JMJ uses a third party to search state court dockets for homeowners in foreclosure actions and solicit JMJ's services to those homeowners.  JMJ seeks to profit from these relationships by purchasing and re-selling the homes or by offering other commercial services to the homeowners.  Where foreclosure is imminent, the Respondents facilitate the filing of bankruptcy petitions on behalf of the homeowners to stay the foreclosure proceeding.[7]  Turner and Rodriguez were two of JMJ's recent clients.

**B.     Turner**

Turner is a defendant in a mortgage foreclosure action in the Supreme Court of the State of New York, County of Orange ("State Court"), styled *Celink v. Turner, et al.*, Index No. EF001263-2023. (*See* Leonhard Declaration, Ex. 5 (copy of state court docket).)  A judgment of foreclosure was entered against Turner and a foreclosure auction was scheduled for April 15, 2025 at 2:30 p.m. (*Id.*)  The day before the scheduled auction, Fitzpatrick, on Turner's behalf, filed a Chapter 7 bankruptcy petition

---

[7]     Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]."

4

in this Court.  (Fitzpatrick Affidavit ¶ 11; ECF Turner Doc. # 1.)  Specifically, Fitzpatrick filed the following documents for Turner:

- Chapter 7 bankruptcy petition;
- Schedule D listing Celink as a secured creditor;
- a handwritten list of creditors[8] listing only Celink; and
- an application to pay the filing fee in installments (ECF Turner Doc. # 2).

The Court denied the application to pay the filing fee in installments (ECF Turner Doc. # 5), no one prosecuted Turner's bankruptcy case, and the Court scheduled hearings to dismiss the case for failure to pay the filing fee (ECF Turner Doc. # 11) and for failure to submit required documents (ECF Turner Doc. # 13).  The Court dismissed the case by order dated April 21, 2025 (ECF Turner Doc. # 49) but retained jurisdiction to adjudicate the Sanctions Motion.

**C.     Rodriguez**

Marcolina Rodriguez ("Rodriguez") is a defendant in a mortgage foreclosure action in State Court styled *Limosa, LLC v. Rodriguez, et al.*, Index No. EF002936-2023.  (*See* Leonhard Declaration, Ex. 8 (copy of state court docket).)  A judgment of foreclosure was entered against Rodriguez, and, according to the State Court docket, the property was sold at a foreclosure auction on November 27, 2024.  (*Id.*)  On April 25, 2025, Fitzpatrick, on Rodriguez's behalf, filed a petition for relief under Chapter 13 of the Bankruptcy Code in this Court.  (Fitzpatrick Affidavit ¶ 21; ECF Rodriguez Doc. # 1.)  Similar to the Turner case, Fitzpatrick filed the following for Rodriguez:

- Chapter 13 bankruptcy petition;

---

[8]     Under 11 U.S.C. § 521(a)(1)(A), "[t]he debtor shall file a list of creditors."  *See also* FED. R. BANKR. P. 1007(a) ("In a voluntary case, the debtor must file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H of the Official Forms.").

5

- Schedule D listing Land Home Financial Services as a secured creditor;
- a handwritten list of creditors listing only Land Home Financial Services; and
- an application to pay the filing fee in installments (ECF Rodriguez Doc. # 2).

The Court granted the application to pay the filing fee in installments (ECF Rodriguez Doc. # 6), but no payments were ever made, and no one prosecuted Rodriguez's bankruptcy case. The Court scheduled hearings to dismiss the case for failure to pay the filing fee (ECF Rodriguez Doc. # 10) and for failure to submit required documents (ECF Rodriguez Doc. # 17). The Court dismissed the case by order dated April 21, 2025 (ECF Rodriguez Doc. # 54) but retained jurisdiction to adjudicate the Sanctions Motion.

**D.    Other Cases Filed by the Respondents**

Since August 2023, the Respondents have filed at least *twenty* other bankruptcy cases in this Court, which have generally followed the same pattern of filings as the Turner and Rodriguez cases. The vast majority of these cases were dismissed shortly after commencement:

|  | CASE | FILED | DISMISSED |
|---|---|---|---|
| 1 | Sherajul Hoque, Case No. 23-35726 (Ch. 13) | 8/29/2023 | 10/25/2023 |
| 2 | Aldo J. Savaglio, Sr., Case No. 23-35784 (Ch. 7) | 9/19/2023 | 11/16/2023 |
| 3 | Edward Jados, Case No. 23-35799 (Ch. 7) | 9/26/2023 | 11/16/2023 |
| 4 | Julio C. Toro, Case No. 23-35841 (Ch. 7) | 10/5/2023 | 12/20/2023 |
| 5 | Robert & Diana Pietarinen, Case No. 23-35968 (Ch. 7) | 11/21/2023 | 1/31/2024 |
| 6 | Darnell F. Cabbell, Case No. 24-35022 (Ch. 7) | 1/8/2024 | 2/28/2024 |
| 7 | Jeanette B. Galusha, Case No. 24-35030 (Ch. 7) | 1/10/2024 | 2/28/2024 |
| 8 | Barbara Tanzosh, Case No. 24-35046 (Ch. 7) | 1/18/2024[9] |  |
| 9 | Duane A. Taylor, Case No. 24-35047 (Ch. 7) | 1/18/2024 | 3/20/2024 |
| 10 | Brin A. Magee, Case No. 24-35120 (Ch. 13) | 2/8/2024 | 4/3/2024 |
| 11 | Rosalind Lawrence, Case No. 24-35162 (Ch. 13) | 2/20/2024 | 8/15/2024 |

---

[9]    After the Respondents commenced her bankruptcy case, Ms. Tanzosh prosecuted the case *pro se* and received a Chapter 7 discharge on July 26, 2024. (*See* ECF Case No. 24-35046 Doc. # 37.)

6

|    | CASE | FILED | DISMISSED |
|----|------|-------|-----------|
| 12 | Darlene Cuturia, Case No. 24-35211 (Ch. 7) | 2/29/2024 | 4/17/2024 |
| 13 | Carol A. Hulihan, Case No. 24-35267 (Ch. 7) | 3/18/2024 | 5/15/2024 |
| 14 | James & Joyce Swanson, Case No. 24-35534 (Ch. 13) | 5/28/2024 | 6/20/2024 |
| 15 | Duane A. Taylor, Case No. 24-35532 (Ch. 13) | 5/28/2024 | 7/24/2024 |
| 16 | Darnell F. Cabbell, Case No. 24-35531 (Ch. 13) | 5/28/2024 | 7/24/2024 |
| 17 | John N. Ciardullo, Case No. 24-35611 (Ch. 13) | 6/17/2024 | 8/14/2024 |
| 18 | Darlene Cuturia, Case No. 24-35629 (Ch. 13) | 6/24/2024 | 8/14/2024 |
| 19 | Robert J. Pietarinen, Case No. 24-36176 (Ch. 13) | 12/2/2024 | 1/30/2025 |
| 20 | Ronald F. Madden, Case No. 25-35075 (Ch. 7) | 1/24/2025 | 3/12/2025 |

### E.    The Sanctions Motion

The UST filed the Sanctions Motion on June 6, 2025 seeking to impose statutory fines totaling $39,000.00 against the Respondents for acting as undisclosed BPPs in the Turner and Rodriguez cases. The Respondents filed opposition on July 2, 2025, the UST filed a reply on July 7, and the Court heard oral argument on August 19 and took the matter under advisement.

## DISCUSSION

### A.    Section 110

Section 110 of the Bankruptcy Code was added as part of the Bankruptcy Reform Act of 1994 to regulate abuses by non-lawyer bankruptcy document preparers. *Consumer Seven Corp. v. United States Tr.* (*In re Fraga*), 210 B.R. 812, 816-17 (B.A.P. 9th Cir. 1997) (citations omitted). As explained in the legislative history:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.

7

*In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (quoting H.R. Rep. No. 103-835, at 56 (1994)).

The statute defines "bankruptcy petition preparer" as a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). Under 11 U.S.C. § 101(41), a "person" includes an "individual, partnership, and corporation," and if a corporation and its employees or principals receive compensation for preparing documents, they are all BPPs. *Harrington v. MVP Home Solutions, LLC* (*In re Nina*), 562 B.R. 585, 594 (Bankr. E.D.N.Y. 2016) (citing *United States Tr. v. Burton* (*In re Rosario*), 493 B.R. 292, 328 (Bankr. D. Mass. 2013)). A "document for filing" broadly encompasses "a petition or any other document prepared for filing by a debtor" in connection with a bankruptcy case. 11 U.S.C. § 110(a)(2). The parties dispute whether the Respondents prepared the documents and received compensation. These issues are analyzed *infra*.

Under section 110, a BPP must, among other things,

- sign the document prepared by the BPP and print the BPP's name and address on such document (§ 110(b)(1));
- provide the debtor with written notice that the BPP is not an attorney and may not give legal advice (§ 110(b)(2));
- place the BPP's social security number on the document (§ 110(c));
- give the debtor a copy of the document for filing no later than at the time at which the document is presented to the debtor for signature (§ 110(d)); and
- file a declaration, under penalty of perjury, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor (§ 110(h)(2)).

8

A BPP who fails to comply with these requirements "may be fined not more than $500 for each such failure." 11 U.S.C. § 110(*l*)(1). And the Court "shall triple the amount of a fine" if the BPP, *inter alia*, "prepared a document for filing in a manner that failed to disclose the identity" of the BPP. 11 U.S.C. § 110(*l*)(2)(D). Fines imposed under subsection (*l*) "shall be paid to the United States trustees, who shall deposit an amount equal to such fines in the United States Trustee Fund." 11 U.S.C. § 110(*l*)(4)(A).

**B.      The Respondents are BPPs**

As stated, a BPP is a non-attorney "who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). JMJ is not a law firm, and Fitzpatrick is not an attorney. The Respondents do not dispute that the documents filed in the Turner and Rodriguez cases each constitutes a "document for filing" within the meaning of 11 U.S.C. § 110(a)(2). Instead, the Respondents contend that they neither prepared the documents nor received compensation. These arguments are addressed in turn.

   **1.      Preparation**

The Respondents assert that they did not prepare the documents filed in the Turner or Rodriguez cases (Fitzpatrick Affidavit ¶¶ 5, 6, 13, 15, 16, 23), and instead, posit that the debtors prepared the documents themselves. (*Id*. ¶¶ 12, 22.) But courts have broadly interpreted "prepare" in section 110(a)(1) as including actions "beyond the physical typing or mere printing of the documents." *In re Thomas*, 315 B.R. 697, 703-04 (Bankr. N.D. Ohio 2004); *see also In re Flores*, 652 B.R. 276, 281 (Bankr. S.D. Tex. 2023) ("While Auto Recovery Partners, LLC did not physically fill out the chapter 13 petition, numerous courts across the country have found that this omission is not controlling.") (footnote omitted); *Nina*, 562 B.R. at 597 ("The definition of a BPP is not limited to persons who actually prepare and file bankruptcy petitions."); *Wiggins v.*

9

*Housley* (*In re Wiggins*), Adv. P. No. 11-1153, 2012 WL 4364079, at *2 (Bankr. N.D. Cal. Sept. 21, 2012) ("A person need not be the one who actually does the preparation in order to be subject to § 110, if the person[] is closely involved in the preparation process.") (citation omitted).  The *Flores* Court rightly observed that a narrow interpretation of "preparer" would undermine the purpose of the statute, which is to protect innocent debtors from unqualified legal advice.  *Flores*, 652 B.R. at 281 ("To interpret 'preparer' so narrowly . . . would provide a glaring workaround for bad actors and undermine the very purpose of the statute.").

Assuming that the Respondents did not fill out the documents, the Court nonetheless concludes that their involvement in the bankruptcy filings constitutes "preparation" within the meaning of 11 U.S.C. § 110(a)(1).  The Respondents actively solicited their services to distressed homeowners in State Court foreclosure actions.  When a bankruptcy stay would assist the business dealings between the Respondents and the homeowners, the Respondents facilitated the bankruptcy filings for those homeowners.  The repetitive pattern in the cases filed by the Respondents strongly suggests that they advised the homeowners about which forms to fill out.  In the vast majority of cases commenced by the Respondents, only the bankruptcy petition, Schedule D, and a list of creditors were filed, and as to the latter two items, only the mortgage lender was listed.  No other necessary schedules were generally filed.  Further, in many of the cases (including the Turner and Rodriguez cases), the Respondents submitted applications to pay the filing fee in installments, and even in cases where such application was granted, payments were generally not made.  On several occasions, the Respondents even facilitated the filing of multiple bankruptcy cases for the same homeowner.  (*See In re Robert J. Pietarinen*, Case Nos. 23-35968 & 24-36176; *In re*

10

*Darlene Cuturia*, Case Nos. 24-35211 & 24-35629; *In re Darnell F. Cabbell*, Case Nos. 24-35022 & 24-35531; *In re Duane A. Taylor*, Case Nos. 24-35047 & 24-35532.) The Court finds that the Respondents advised the debtors about filing for bankruptcy and the forms to fill out. Once the forms were completed, Fitzpatrick filed the documents at the intake window of the Clerk's office. The Respondents' overall facilitation of the debtors' bankruptcy filings constitutes "preparation" under section 110(a)(1). *See Nina*, 562 B.R. at 597 ("Balmacoon is a BPP because of his role in arranging for the preparation of the Petitions . . . ."); *see also id.* at 600 ("While these Defendants may not have dealt directly with the Debtors, they nonetheless effectuated the fraudulent bankruptcy filings for the Debtors, and as BPPs, they are no less culpable than MVP and Mullings for violations of § 110.").

    2.    **Compensation**

The Respondents maintain that they are not BPPs because they did not receive compensation from Turner or Rodriguez. (Fitzpatrick Affidavit ¶¶ 7-10, 17-20.) This argument lacks merit. During oral argument, counsel stated that the crux of the Respondents' business was to buy real estate from financially distressed homeowners and re-sell those homes for a profit or to otherwise offer commercial services to such homeowners. In other words, the Respondents engaged with these homeowners to profit in one form or another.

Compensation under section 110(a)(1) need not be a direct payment from the debtor. *Nina*, 562 B.R. at 597 ("[A] person need not receive direct payment from the debtor to be considered a BPP.") (citing *In re Gaftick*, 333 B.R. 177, 186 (Bankr. E.D.N.Y. 2005)). Moreover, a person may not evade the strictures of section 110 merely by claiming that they received compensation for other services rather than for preparing

11

bankruptcy documents. *See Gebhart v. Coburn* (*In re Rivera*), Adv. P. No. 6:14–ap–00124–KSJ, 2015 WL 1743707, at *2 (Bankr. M.D. Fla. Apr. 17, 2015) (rejecting argument that payment was for filing objections in state court foreclosure action rather than for filing bankruptcy petition); *accord* 2 COLLIER ON BANKRUPTCY ¶ 110.02 (16th ed. 2025).

The *Wiggins* decision is instructive. There, a real estate agent ("Housley") filed a bankruptcy petition on behalf of a homeowner facing foreclosure, believing that she could arrange a short sale of the property and earn a commission. *Wiggins*, 2012 WL 4364079, at *1. The debtor filed an adversary proceeding against Housley for violations of section 110, and Housley argued that she was not a BPP because, among other things, she did not receive compensation. *Id.* at *2. The *Wiggins* Court rejected Housley's argument:

> The evidence established that Housley was acting for compensation. If the property was lost to foreclosure, she would get nothing. A sale, even a short sale, would result in a commission. This is why Housley so urgently wanted to file a bankruptcy for Wiggins. . . . The court finds that the promise of a commission upon the sale of property is by itself enough to meet the compensation requirement.

*Id.*

The same logic applies here. The Respondents' actions were motivated by the prospect of financial gain either through the purchase and subsequent sale of homes or by offering other commercial services to the debtors. Thus, the Respondents prepared the bankruptcy documents for compensation.

C. **Violations Under Section 110**

Having determined that the Respondents are BPPs, the Court must now determine which subsections of section 110 were violated. The UST seeks the

12

imposition of fines against the Respondents for violations of 11 U.S.C. § 110(b)(1), (b)(2), (c), and (h)(2). Each subsection is addressed below.

1. **Section 110(b)(1)**

Section 110(b)(1) requires that BPPs sign each document that is prepared for filing in a bankruptcy case and to print on the document the BBP's name and address. 11 U.S.C. § 110(b)(1). If the BPP is not an individual, the BPP's officer, principal, responsible person, or partner must sign the document and print their name and address. 11 U.S.C. § 110(b)(1)(A)-(B).

In each of the Turner and Rodriguez cases, the Respondents prepared and filed the following three documents – a bankruptcy petition, Schedule D, and an application to pay the filing fee in installments. Neither Respondent fulfilled their obligations under section 110(b)(1). Therefore, each Respondent violated section 110(b)(1) three times in each case. Thus, for both cases combined, the Respondents violated section 110(b)(1) twelve times in total.

2. **Section 110(b)(2)**

Section 110(b)(2) requires a BPP to provide written notice (using the official form prescribed by the Judicial Conference of the United States) that informs the debtor, among other things, that the BPP is not an attorney. 11 U.S.C. § 110(b)(2). Such notice must be signed by the BPP and the debtor and filed on the docket. 11 U.S.C. § 110(b)(2)(B)(iii).

The Respondents did not file a notice in the Turner or Rodriguez cases, and there is no evidence that any such notice was provided to the debtors. Thus, for both cases combined, the Respondents violated section 110(b)(2) four times in total.

13

### 3. Section 110(c)

Section 110(c) requires the BPP to place their social security number on the document for filing. Fitzpatrick failed to do this for the aforementioned three documents filed in the Turner case as well as in the Rodriguez case. Thus, Fitzpatrick violated section 110(c) a total of six times.

### 4. Section 110(h)(2)

Section 110(h)(2) requires the BPP to file a declaration, under penalty of perjury, "disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor." 11 U.S.C. § 110(h)(2).

Here, the Respondents did not file any declaration relating to fees in the Turner or Rodriguez cases. Thus, for both cases combined, the Respondents violated section 110(h)(2) four times in total.

### 5. Total Fines

As stated, violations of subsections (b), (c), and (h) are subject to fines of "not more than $500" per violation. 11 U.S.C. § 110(*l*)(1). Here, the UST is seeking the full $500 fine per violation. Two factors support the imposition of the full fine. First, although the UST seeks to impose statutory fines in only two cases, the Respondents have acted as undisclosed BPPs, and violated section 110, in at least twenty additional cases listed *supra*. Second, the Respondents perpetrated a serious abuse of the bankruptcy system. It is plain that the sole intent of the filings was to forestall foreclosure, and all but one of the twenty-two cases filed by the Respondents resulted in a dismissal. *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ("The filing of a

14

bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code.") (citing supporting authorities).[10]

In total, the Respondents violated the above-referenced subsections twenty-six (26) times. Thus, the fines total $13,000.00 (*i.e.*, 26 times $500). Under section 110(*l*)(2)(D), the Court "shall" triple the fines if the BPP "prepared a document for filing in a manner that failed to disclose the identity of" the BPP. 11 U.S.C. § (*l*)(2)(D). Here, the Respondents failed to disclose their identities, thus the Court must triple the fines. Therefore, the Respondents are fined a total of $39,000.00.

## CONCLUSION

For the reasons set forth herein, the UST's Sanctions Motion is GRANTED, and the Respondents shall pay a fine totaling $39,000.00 to the UST for their violations of 11 U.S.C. § 110(b)(1), (b)(2), (c), and (h)(2). Arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected or rendered moot by the Court's ruling. Counsel to the UST shall submit orders in the Turner and Rodriguez cases consistent with this Memorandum Decision via the Court's eOrders system.

Dated:    August 28, 2025
          Poughkeepsie, New York

/s/ *Kyu Y. Paek*
Honorable Kyu Y. Paek
United States Bankruptcy Judge

---

[10] A BPP that knowingly disregards the requirements of the Bankruptcy Code or Federal Bankruptcy Rules could be subject to a fine and/or imprisonment for up to one year. 18 U.S.C. § 156(b) ("If a bankruptcy case or related proceeding is dismissed because of a knowing attempt by a bankruptcy petition preparer in any manner to disregard the requirements of [the Bankruptcy Code], or the Federal Rules of Bankruptcy Procedure, the bankruptcy petition preparer shall be fined under this title, imprisoned not more than 1 year, or both.").